IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RUSSELL ALLEN BLACK,

       Plaintiff,

v.                                 Case No. 3:19-cv-00582

SEAN K. HAMMERS;
LAUREN PLYMALE; and
CABELL COUNTY PROSECUTING
ATTORNEY OFFICE,

       Defendants.

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

On August 7, 2019, Plaintiff Russell Allen Black, proceeding *pro se*, and then incarcerated at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia, filed a complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2.). Currently pending are an initial screening of the Complaint pursuant to 28 U.S.C. § 1915 and a Motion for a Speedy Trial. (ECF Nos. 2, 5). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the allegations of the Complaint, the undersigned **FINDS** that the defendants are immune from liability. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **DISMISS** the complaint, (ECF No. 2), with prejudice; and **REMOVE**

this matter from the docket of the Court. In light of the recommendation for dismissal, the undersigned further **RECOMMENDS** that Plaintiff's Motion for a Speedy Trial be **DENIED**. (ECF No. 5).

## I.    Relevant Background

This is the third lawsuit Plaintiff has filed in this Court complaining about a prior state criminal proceeding against him. *See Black v. State of West Virginia, Paul Farrell, Gregory Howard, Craig R. Tatterson,* Case No. 3:19-cv-561 (S.D.W. Va. Jul. 31, 2019); *Black v. McCormick,* Case No. 3:19-cv-00581 (S.D.W. Va. Aug. 7, 2019). The state criminal matter is docketed as Case No. 14-F-47 and remains pending in the Circuit Court of Cabell County, West Virginia on matters related to supervised release.

In the instant action, Plaintiff alleges that his right to a speedy trial was violated by the defendants in August 2014 when they turned Plaintiff's planned trial date into a status hearing without his consent. (ECF No. 2 at 4). When Plaintiff was unable to obtain a speedy trial, he allegedly "sued everyone over violating [his] constitutional rights." (*Id.* at 5). He lists several case numbers in the complaint; apparently, these are cases pending in the Circuit Court of Cabell County. (*Id.* at 2). Plaintiff asks this Court for "a dismissal of all charges taken off Plaintiff [sic] records, State, Federal and never to be brought back up" and to order compensation in the amount of 1.2 million dollars for his emotional and mental stress. (*Id.* at 5). In support of his claims, Plaintiff provides assorted paperwork from Case No. 14-F-47, including two Orders issued by Paul T. Farrell, Judge, Circuit Court of Cabell County, and letters and motions prepared by Plaintiff in 2014 asking that the criminal charges against him be dismissed for denial of a speedy trial and that he be awarded money damages. (ECF No. 4).

The docket sheet from Case No. 14-F-47,[1] on file with the Cabell County Circuit Clerk's Office, demonstrates that a Cabell County grand jury indicted Plaintiff on March 7, 2014 on four counts of third degree sexual assault. *West Virginia v. Black,* Case No. 14-F-47 (Cabell Cty. Cir. Mar. 7, 2014). On November 24, 2014, Assistant Prosecuting Attorney, Lauren Plymale, and the Cabell County Prosecutor's Office were disqualified and later replaced by Special Prosecuting Attorney, Tom Plymale. *Id.* On April 9, 2015, R. Craig Tatterson was appointed as the Special Prosecuting Attorney after Tom Plymale was relieved of the duty to prosecute Plaintiff. *Id.* On November 2, 2015, Plaintiff entered into a plea agreement with the State of West Virginia in which he agreed to plead guilty to one count of third degree sexual assault in exchange for dismissal of the other three counts. *Id.* That same day, Plaintiff pled guilty to the charge and was convicted. *Id.* Plaintiff was sentenced to a term of imprisonment. On November 25, 2015, he was discharged from custody to begin a 30-year term of supervised release. (*Id.*).

On August 2, 2016, a petition to revoke supervised release was filed. *West Virginia v. Black, supra.* Plaintiff was committed to the custody of the West Virginia Division of Corrections and Rehabilitation ("DCR") on August 18, 2016 to serve a five-year term of imprisonment. (*Id.*). He was discharged from custody on January 26, 2019. However,

---

[1] When performing its screening duty, the court applies the same standard of review used to consider motions to dismiss under Rule 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The court may "pierce the veil of the complaint's factual allegations [and] apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." *Massey v. Wriston*, No. 2:13-CV-08842, 2016 WL 5172811, at *4 (S.D.W. Va. Sept. 21, 2016) (citations omitted); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may take judicial notice of the contents of court documents and items in the public record); *and* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("The court is not limited to the four corners of the complaint, however. Numerous cases ... have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment. These matters are deemed to be a part of every complaint by implication.") (footnote omitted).

Plaintiff was ordered to appear in court on June 4, 2019 for a hearing on a petition to revoke supervised release. (*Id.*). Plaintiff was again committed to the DCR's custody on June 19, 2019, and an order revoking his supervised release was entered on July 10, 2019. According to the DCR's prisoner locator, Plaintiff is currently incarcerated at the St. Mary's Correctional Center with a projected release date of May 10, 2024. *See* http://apps.wv.gov/OIS/OffenderSearch/DOC.

## II.    <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The  Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is

4

not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  <u>Discussion</u>

Plaintiff asserts claims against two Cabell County prosecutors and the Cabell County Prosecuting Attorney's Office. The undersigned **FINDS** that the individual prosecutors are entitled to absolute immunity from suit and must be summarily dismissed from this action. The undersigned further **FINDS** that Plaintiff fails to state a claim against the Cabell County Prosecuting Attorney's Office sufficient to withstand initial screening.

The law is well settled that a prosecutor is afforded absolute immunity from civil liability for actions taken as an officer of the court within the scope of his prosecutorial duties. *Van De Kamp v. Goldstein,* 555 U.S. 335, 340-41 (2009). This immunity applies

to conduct in furtherance of a variety of advocacy functions; including, initiating prosecution, presenting the State's case, participating in courtroom hearings and plea negotiations, evaluating evidence and witnesses, and making professional judgments and taking actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). When performing his or her official functions, a prosecutor is afforded immunity even if he or she "acted with an improper state of mind or improper motive." *Schmueli v. City of New York,* 424 F.3d 231, 237 (2nd Cir. 2005). The only activities taken by a prosecutor that are not entitled to absolute prosecutorial immunity are administrative and investigatory actions that are not connected with the judicial phase of the criminal process. *Van De Kamp,* 555 U.S. at 342-43.

In *Imbler v. Pachtman*, a § 1983 plaintiff asserted that a prosecutor intentionally, and at other times negligently, allowed a witness to give false testimony, and prosecuted the plaintiff knowing that he was "cleared" by a lie detector test. *Imbler,* 424 U.S. at 416. The Supreme Court affirmed the lower court's decision that the prosecutor was given absolute immunity in such circumstance. *Id.* at 431. Although acknowledging that absolute immunity might leave "the genuinely wronged defendant without civil redress," the Supreme Court concluded that policy considerations guided its decision. *Id.* at 428. The Supreme Court reasoned that, much like the concept of judicial immunity, the threat of § 1983 suits for actions taken in initiating and pursuing a criminal prosecution would undermine the performance of the prosecutor's duties in enforcing the criminal law, which would ultimately harm the citizens. *Id.* at 427-28. Moreover, the Supreme Court pointed out that extending absolute immunity to prosecutors did not foreclose *all* avenues of redress to a truly aggrieved individual. Indeed, a "prosecutor's possible knowledge of a

6

witness' falsehoods" was a typical issue addressed in actions for post-trial relief. *Id.* at 425. As noted by the Supreme Court, various post-trial procedures are available to determine if a person received a fair trial, such as the remedial powers of the trial judge, appellate review, and state and federal post-conviction collateral remedies. *Id.* at 427. Furthermore, despite their civil immunity, prosecutors are not beyond the reach of criminal law and are subject to professional discipline by an association of their peers should they violate the law or the ethical standards of their profession. *Id.* at 429.

In this case, Plaintiff accuses the defendants of interfering with, or otherwise denying, his right to a speedy trial. Even if true, these actions clearly fall within the prosecutorial functions entitled to absolute immunity from suit. *See Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *3 (6th Cir. May 19, 2017) (dismissing a claim that prosecutors violated the plaintiff's right to a speedy trial, because the prosecutor's actions were "well within the scope of [the prosecutors'] prosecutorial duties."); *McRavion v. Cline*, No. 5:18-CV-53-FDW, 2019 WL 3821820, at *8 (W.D.N.C. Aug. 14, 2019) (finding that plaintiff's claim for a violation of his Sixth Amendment right to a speedy trial was precluded by absolute prosecutorial immunity); *Munsey v. Sadler*, No. CIV.A. 1:12-0097, 2012 WL 11917558, at *4 (S.D.W. Va. July 13, 2012), *report and recommendation adopted,* 2014 WL 5441787 (S.D.W. Va. Oct. 24, 2014) (finding that prosecutors were immune from a claim that they improperly indicted the plaintiff and failed to provide him with a speedy trial); *Barefoot v. Goulian*, No. 5:08-CT-3162-D, 2010 WL 2696760, at *5 (E.D.N.C. July 7, 2010) (holding that prosecutors were afforded absolute immunity against claims that they "improperly filed federal charges against" the defendant, "failed to provide a speedy trial, withheld exculpatory evidence, conducted warrantless searches of his property, and sought an order for involuntary medication to restore his

competency."); *Lesane v. Spencer*, No. CIV.A. 3:09CV012, 2009 WL 4730716, at *4 (E.D. Va. Dec. 8, 2009) (finding that a prosecutor was entitled to absolute immunity for his allegedly false representations to the court that led to a delay in the plaintiff's criminal trial, violating the plaintiff's right to a speedy trial).

There is nothing apparent in the record to indicate that Plaintiff's claim arises from actions taken by the individual defendants in an administrate or investigatory role not protected by absolute prosecutorial immunity. Certainly, Plaintiff includes no allegations in the complaint describing any such actions. Therefore, in the absence of a claim that the defendants violated Plaintiff's rights while performing non-prosecutorial functions, the undersigned **FINDS** that the individual defendants are entitled to absolute immunity from Plaintiff's claim for damages.

With respect to Plaintiff's claim against the Cabell County Prosecuting Attorney's Office, his complaint must also be dismissed. Plaintiff offers no specific allegations pertaining to the Prosecuting Attorney's Office; instead, he alleges that prosecutors, Sean Hammers and Lauren Plymale, violated Plaintiff's right to a speedy trial by delaying his case. A municipality is not liable for constitutional deprivations under § 1983 based on the doctrine of *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor ... a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory.") (emphasis in original); s*ee also Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1994) (holding that municipalities are not liable under *respondeat superior* principles simply because of the employment relationship); *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994); *Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985) (holding that the doctrine of *respondeat superior* has no application under

8

§ 1983). A municipality may be liable under § 1983 where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); however, a municipality is not liable for mere "isolated incidents of unconstitutional conduct by subordinate employees. ... Rather, there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice." *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003).

Plaintiff alleges that the prosecutors violated his right to a speedy trial; a right, however, that he concedes was waived by his own attorneys. (ECF No. 2 at 4-5). As previously indicated, Plaintiff asserts no unrelated or separate claim against the Prosecuting Attorney's Office, nor does he accuse the Office of having an unconstitutional policy or custom that led to the alleged speedy trial violation. Therefore, Plaintiff's claim is based entirely on the principle of *respondeat superior*. As such, the undersigned **FINDS** that Plaintiff's complaint against the Cabell County Prosecuting Attorney's Office fails to state a claim.

Furthermore, Plaintiff's request that all charges be dismissed against him "never to be brought back up" must be denied, because such relief simply is not available in a § 1983 case. *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994). In *Heck*, the Supreme Court explained that monetary damages, injunctive and declaratory relief were not available through § 1983 "if judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction." *Weeks v. Camuti*, No. CV DKC-19-1525, 2019 WL 3220148, at *2 (D. Md. July 17, 2019). A civil lawsuit under § 1983 is not a substitute for direct appeal or habeas review. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

9

seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Moreover, before Plaintiff can maintain a § 1983 case for money damages based on his underlying criminal conviction, he must prove that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87.

If Plaintiff's goal is to have this Court review his conviction and sentence, then he must first exhaust his state remedies. 28 U.S.C. § 2254(b); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citation and markings omitted). In other words, a federal district court cannot short-circuit the state appellate and habeas processes and directly review a state court judgment in a criminal case. Plaintiff fails to allege that his conviction or sentence was set aside, and the record does not reflect that Plaintiff has instituted and completed any state court action challenging the validity of his conviction or sentence. Consequently, the undersigned **FINDS** that all of the defendants are entitled to dismissal of the complaint against them, with prejudice.

## IV.   **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **DISMISS** the complaint, (ECF No. 2),with prejudice; and **REMOVE** this matter from the docket of the Court. In

light of the recommendation for dismissal, the undersigned further **RECOMMENDS** that Plaintiff's Motion for a Speedy Trial be **DENIED**. (ECF No. 5).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** September 11, 2019

Cheryl A. Eifert
United States Magistrate Judge

11